UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NAPOLEON EDWARDS                                                                           PLAINTIFF

V.                                              CIVIL ACTION NO. 3:24-CV-610-KHJ-MTP

PREMIER SERVICES, et al.                                                                DEFENDANTS

ORDER

This case is before the Court sua sponte for consideration of dismissal. Pro se Plaintiff Napoleon Edwards is incarcerated by the Mississippi Department of Corrections (MDOC). He brings this action under 42 U.S.C. § 1983, challenging his conditions of confinement. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

I.      Background

At all relevant times, Edwards was housed at the Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi. Compl. [1] at 4. At CMCF, Defendant John Hunt is the Superintendent, Defendant Ms. Holland is the commissary supervisor, and Defendant Ms. Kesha is a commissary worker. *Id.* at 2–3. Defendant Dennis Martin owns Defendant Premier Services, which contracts to provide commissary services to MDOC inmates. *Id.* at 2.

Edwards claims that he was denied three separate commissary orders.

To begin, Edwards claims that he paid for two separate orders of canteen items from the prison commissary on November 7 and December 5, 2023. Resp. [11] at 1–2. Allegedly, Ms. Kesha delivered neither order. *Id.* at 1. When Edwards asked her where his orders were, she allegedly told him he did not have enough money for either one. *Id.* at 1–2.

Separately, Edwards claims that his fiancée bought him a Christmas care package on December 9, 2023, to be delivered the week of December 17. [1] at 13; Original ARP [1-2] at 2. Edwards contends that Ms. Kesha did not deliver this package, either. [1] at 12. This time, she allegedly told him that no such package was ordered. *Id.*

Edwards filed grievances concerning all three orders. *Id.* at 7. In response, Holland produced two receipts for the first two orders. [11] at 2; [1] at 12–13. The receipts purported to show his signature, acknowledging that Edwards did receive those orders. [1-3] at 4. He maintains that Holland forged his signatures to cover up the "random, unauthorized" taking of his commissary items and Christmas package by herself and Ms. Kesha. [11] at 2–3.

On October 7, 2024, Edwards filed this action under Section 1983, asserting a claim for deprivation of property without due process. *Id.* at 1; [1]. On May 15, 2025, he amended his pleadings to clarify that Martin and Hunt are not Defendants. [11] at 1. Edwards asks for either the commissary items or damages. [1] at 14.

II.   Analysis

  A. Martin and Hunt

Edwards moves to voluntarily dismiss Martin and Hunt, explaining that he only sued them because he wants them to appear as witnesses. [11] at 1. Since he clarified that they are not defendants, they are dismissed from this action.

  B. Premier Services, Ms. Kesha, and Ms. Holland

Edwards sues the remaining Defendants, claiming the commissary items were taken from him through the "random, unauthorized" conduct of Ms. Kesha and Ms. Holland. *Id.* at 2–3.

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation modified). "[I]n an action proceeding under [S]ection 1915[], [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised . . . ." *Ali v. Higgs*,

892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*

The Court has permitted Edwards to proceed *in forma pauperis* in this action. Order [7]. So his [1] Complaint is subject to sua sponte dismissal under Section 1915.

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of . . . Due Process . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Omran v. United States*, 668 F. App'x 131, 132 (5th Cir. 2016) (per curiam) (holding that, in *Bivens* action, plaintiff failed to state a deprivation-of-property claim because he did not allege the deprivation was "authorized or deliberate"). Mississippi provides an adequate post-deprivation remedy for the loss of property through other means because, at the very least, Edwards may sue for taking property without just compensation under the Mississippi Constitution. *See Johnson v. King*, 85 So. 3d 307, 310–11 (Miss. Ct. App. 2012). Because he alleges the takings were random and unauthorized, and he has an adequate post-deprivation remedy, the Court dismisses these claims as frivolous.

III.   Conclusion

For the reasons stated, the Court DISMISSES this case. The claims against Defendants Premier Services, Ms. Holland, and Ms. Kesha are DISMISSED with

prejudice as frivolous. Defendants Dennis Martin and John Hunt are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a). The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail a copy of this Order and the final judgment to Edwards at his address of record.

  SO ORDERED AND ADJUDGED, this 6th day of June, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
